IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOE E. MAYNARD and )
WANDA MAYNARD, )
        )
  Plaintiffs, )
        )
v. ) No. 3:09-CV-334
        ) Phillips/ Guyton
CITIFINANCIAL AUTO CREDIT, INC., )
        )
  Defendant. )

## ANSWER

Defendant CitiFinancial ("CitiFinancial") Auto Credit, Inc. submits its Answer to the specific numbered paragraphs of the Complaint filed against it as follows:

1.     CitiFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.     Admitted.

3.     CitiFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, except that CitiFinancial admits it was assigned an installment contract into which the plaintiffs entered for the purchase of a vehicle.

4.     CitiFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, except that CitiFinancial admits that plaintiffs made some periodic installment payments and that plaintiffs surrendered the vehicle to CitiFinancial in January of 2008.

5. CitiFinancial admits that it made periodic contact with plaintiffs regarding their installment payments. The remaining allegations in Paragraph 5 are denied.

6. Denied.

7. Denied.

8. CitiFinancial is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, except that CitiFinancial denies that any actions of CitiFinancial caused the plaintiff to suffer a medical emergency.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Any allegations in the Complaint not specifically admitted or denied are hereby denied.

14. The plaintiffs are not entitled to any of the relief sought in the Complaint.

15. CitiFinancial reserves the right to amend its Answer as discovery progresses in this action.

## AFFIRMATIVE DEFENSES

16. For an affirmative defense, CitiFinancial asserts that the Complaint fails to state a claim upon which relief can be granted as to CitiFinancial.

17. For an affirmative defense, CitiFinancial asserts the defenses of estoppel, waiver, and notice. CitiFinancial acted and appropriately and properly in its contacts with the plaintiffs.

18. For an affirmative defense and to the extent the Complaint states a claim for negligence, CitiFinancial asserts that Plaintiffs are not entitled to recover because the fault

2

K KLT 229754 v1
2789178-000143 8/18/2009
Case 3:09-cv-00334   Document 5   Filed 08/18/09   Page 2 of 4   PageID #: 22

attributable to Plaintiffs and/or other known and unknown tortfeasors, including Dynamic Recovery Services, 4101 McEwen, Suite 150, Farmers Branch, Texas 75244, is equal to, or greater than, the percentage of any alleged fault attributable to CitiFinancial.

19. CitiFinancial asserts that if it is found liable, which liability is denied, any such fault should be compared with that of other parties or individuals thought to be negligent and any recovery should be reduced by the percentage of fault found against such other party or parties, including the fault of the plaintiff, Dynamic Recovery Services and/or other unknown tortfeasors. CitiFinancial relies upon the defense of comparative fault.

20. For an affirmative defense, CitiFinancial asserts the defense that the plaintiffs' claims are barred by the appropriate statute of limitations.

WHEREFORE, CitiFinancial Auto Credit, Inc. requests that the Complaint filed against it be dismissed, and it be awarded its costs, including attorneys' fees and discretionary costs.

s/ Kelli L. Thompson
Kelli L. Thompson (B.P.R. No. 13977)
Attorney for Defendant
CitiFinancial Auto Credit, Inc.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing **Answer** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Terry Vann
    110 Kingston Street
    Lenoir City, Tennessee 37771

This 18th day of August, 2009.

                            s/ Kelli L. Thompson
                            Kelli L. Thompson