IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOE MAYNARD and WANDA MAYNARD )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>CITIFINANCIAL AUTO CREDIT, INC. )<br>and DYNAMIC RECOVERY SERVICES, )<br>INC. )<br>)<br>    Defendants. ) | Civil Action No. 3:09-cv-334<br>Phillips/Guyton |

## AMENDED AND RESTATED COMPLAINT
*DUPLICATE FILING*

Plaintiffs, by and through the undersigned counsel, hereby amend and restate their Complaint, subject to the granting of the separate Motion to Amend, and further, in accord with T.C.A. §20-1-119, all as follows:

1. Plaintiffs Joe E. Maynard and Wanda Maynard are currently, and were at all times relevant to this action, citizens and residents of Loudon County, Tennessee.

2. Defendant Citifinancial Auto Credit, Inc. ("Citifinancial") is a corporation authorized to do business in the state of Tennessee, which has been served with process upon its Registered Agent, CT Corporation System.

3. Defendant Dynamic Recovery Services, Inc. ("Dynamic") is a Texas corporation with principal office in Farmers Branch, Texas. It has qualified to do business in Tennessee and may be served through its Registered Agent, all as follows:

    CT Corporation System
    800 S. Gay St, Ste. 2021
    Knoxville, TN 37929

4. Pursuant to Buyer's Order dated May 7, 2005, Plaintiffs purchased a 2003 Ford F-350 pickup truck (the "Truck") on an installment contract from Metro Ford – Mercury in Lenoir City, Tennessee. Metro Ford – Mercury assigned its interest in the installment contract to Transsouth Financial Corporation, and Transsouth thereafter assigned its interest in the installment contract to Citifinancial.

5. Plaintiffs made payments on the Truck until Plaintiff husband became extremely ill and was diagnosed with cancer. As a result of this illness, Plaintiff husband lost his source of income and Plaintiffs were unable to continue making the required installment payments.

6. Plaintiffs notified Citifinancial that they would not be able to continue paying installment obligations and offered to surrender the Truck. Citifinancial accepted this offer and took possession of the Truck in January, 2008.

7. Citifinancial claims to thereafter have sold the Truck for less than the balance owing on the installment contract. Plaintiffs do not know the date of the sale, but were informed by Citifinancial that it was sometime between January 31, 2008 and April 1, 2008.

8. At some point prior to June 26, 2008, Citifinancial engaged Defendant Dynamic to pursue Plaintiffs for collection of a deficiency claimed to be owing on the installment contract. Neither Citifinancial nor Dynamic made it clear to Plaintiffs that the account had been turned over to a third party debt collector for collection. Accordingly, Plaintiffs do not know the date upon which Dynamic first became involved in the effort to collect a deficiency from Plaintiffs.

9. Between January 2008 and June 2008, Citifinancial and/or Dynamic (collectively the "Defendants") made numerous telephone calls to the Plaintiffs. Sometimes, several calls would be made to Plaintiffs in a single day.

10. The Defendants demanded substantial additional payment even though the Truck had been voluntarily returned. Plaintiffs repeatedly informed Defendants of the Plaintiff husband's illness and as a consequence, they could not make any additional payments to Citifinancial.

11. Defendants continued to make telephone calls on a daily basis, often making many calls during the course of a single day as stated above. Plaintiffs repeatedly informed Defendants of the illness of the Plaintiff husband and that the telephone calls were extremely upsetting and distressing to him, resulting in great anxiety.

12. After many efforts to explain why Plaintiffs could not make any additional payments, they requested that the Defendants cease calling them. These requests were to no avail.

13. On June 26, 2008, Denise Anderson ("Anderson"), an employee of either Citifinancial or Dynamic made repeated telephone calls to Plaintiffs demanding payment. Plaintiff husband tried each time to explain the circumstances of his illness resulting in his inability to work. Anderson became increasingly argumentative and unrelenting in her demands for money.

14. After a number of calls in the same nature, Plaintiff husband began to experience debilitating medical symptoms as Anderson continued her harangue. Plaintiff husband informed Anderson of his problems and that he had to end the telephone conversation so that he could seek medical help.

15. Despite being informed of Plaintiff husband's onset of illness, Anderson immediately re-dialed Plaintiffs to continue her harassment. Plaintiff wife attempted to dial 911 to obtain help for her husband, but was initially unable to do so by reason of the fact that Anderson continued to tie up the line. After some elapse of time, Plaintiff wife was able to get through to 911 and obtain medical assistance for her husband.

16. As a direct and proximate result of the repeated calls and harassing techniques used by Defendants and their employee, Anderson, on June 26, 2008, Plaintiff husband (i) suffered a ruptured bleb which caused pneumothorax, (ii) had to be transported to the hospital, (iii) underwent medical treatment and procedures, (iv) incurred substantial medical expenses, and (v) endured extreme pain and suffering.

17. As a further consequence, directly and proximately resulting from the actions of Defendant and their employee, Anderson, Plaintiff husband will (i) continue to suffer physical pain and discomfort, (ii) be required to take medications, (iii) be required to undergo medical examinations and treatments, (iv) suffer from resulting permanent disabilities, and (v) incur further expenses and medical costs.

18. Plaintiffs aver that the actions of the Defendants and their employee, Anderson, constitute gross negligence and a violation of both federal and state consumer protection statutes.

19. Defendants were negligent in failing to properly train and supervise their employee, Anderson, resulting in the damages as described above. The resulting actions constitute both torts and violations of federal and state consumer protection statutes as recited above.

20. Specifically, the actions of Anderson, which are imputable to Defendants Citifinancial and Dynamic, constitute intentional infliction of emotional distress, sometimes

called outrageous conduct. This conduct was intentional or reckless, sufficiently outrageous that it is not to be tolerated by a civilized society and resulted in serious mental and physical injury to Plaintiffs.

21. Alternatively, the actions complained of above constitute negligent infliction of emotional distress, resulting in both mental and physical injury and damages.

22. The actions of Defendants as described above were intentional, reckless and/or malicious, resulting in actual damages to Plaintiffs. Plaintiffs therefore seek recovery of punitive damages, as prayed for hereafter.

23. The violation of federal consumer protection statutes specifically include the Fair Debt Collection Practices Act codified at 15 U.S.C. §1692, et seq. The actions of Defendants and their employee Anderson constitute harassment or abuse as prohibited by 15 U.S.C. §1692d.

24. Plaintiffs are therefore entitled to recover actual damages, including damages for emotional distress and mental anguish, as well as the automatic penalty to be set by this Court in its discretion. Finally, Plaintiffs are entitled to recover attorney fees and court costs by reason of this violation, as permitted by 15 U.S.C. §1692k(a)(3).

25. The actions of Defendants and their employee, Anderson, resulted in damages to not only Plaintiff husband, but also to Plaintiff wife. The actions of Defendants on June 26, 2008 resulting in the injuries to Plaintiff husband were traumatic in the extreme to Plaintiff wife.

26. As a direct and proximate result of the torts described above, including the wanton and willful acts of Defendants and their employee, Anderson, Plaintiff wife has suffered emotional distress, has been deprived of the consortium, companionship and services of her husband, as well as a normal family life, and has incurred and will continue to incur

medical and other expenses. Further, Plaintiff husband's role as family patriarch has been diminished by the actions of Defendants and as a direct result, Plaintiff wife has found it necessary to assume many of her husband's responsibilities within the family unit.

WHEREFORE, IT IS PRAYED AS FOLLOWS:

A. That Dynamic Recovery Services, Inc. be properly served such that it joins with Defendant Citifinancial as a party defendant in this cause;

B. That Plaintiff husband have and recover judgment from Defendants, jointly and severally, for compensatory damages and in an amount of not less than $500,000;

C. That Plaintiff wife have and recover judgment from Defendants, jointly and severally, for compensatory damages and in an amount of not less than $100,000;

D. That Plaintiffs have and recover judgment against Defendants, jointly and severally, for punitive damages in an amount of not less than $5,000,000;

E. That Plaintiffs also recover the maximum penalty that this Court may impose under the Fair Debt Collection Practices Act;

F. That Plaintiffs recover as an additional part of their damages, attorney fees and Court costs as provided by the Act or as may otherwise be permitted by law;

G. That a jury be empanelled to hear this cause; and

H. That Plaintiffs have and recover such other and further relief as this Court may determine proper under the circumstances.

cm/Maynard (15.02216)
Complaint.11.13.09

Respectfully submitted this 13th day of November, 2009.

          /s/ Dudley W. Taylor
Dudley W. Taylor, BPR #000653
Arthur F. Knight, III, BPR #016178
Jonathan S. Taylor, BPR #025094
TAYLOR, FLEISHMAN & KNIGHT
800 S. Gay Street, Suite 600
Knoxville, TN 37929
(865) 971-1701

Terry Vann, BPR #001749
LAW OFFICE OF TERRY VANN
110 Kingston Street
Lenoir City, TN 37771-2926
(865) 986-5394

*Attorneys for Plaintiffs*
*Joe Maynard and Wanda Maynard*

cm/Maynard (15.02216)
Complaint.11.13.09

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon the following by sending via electronic mail to the following:

>Kelli L. Thompson, Esq.
>Baker, Donelson, Bearman,
>  Caldwell & Berkowtiz, PC
>265 Brookview Centre Way, Suite 600
>Knoxville, TN 37919
>e-mail: kthompson@bakerdonelson.com

>    /s/Dudley W. Taylor
>Dudley W. Taylor